IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN C. SULLIVAN,

    Plaintiff,

v.                                  CASE NO. 1:15-cv-0080-MW-GRJ

MEGAN J BRENNAN,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 7, Plaintiff's *pro se* filing objecting to the removal of the case and requesting that the Court "keep the case in state court." The Court construes the filing as a Motion to Remand. Defendant has filed a Response in Opposition, Doc. 9, and therefore the matter is ripe for review.

On April 1, 2015 Plaintiff filed a small claims complaint in the County Court of the Third Judicial Circuit in and for Lafayette County, Florida against the Postmaster General of the United States Postal Service contending that Plaintiff is entitled to damages in the amount of $5,000 plus $318.86 in costs for a ring that was never delivered by the United States Postal Service.

On April 24, 2015 Defendant timely removed this case to this Court pursuant to 28 U.S.C. § 1442(a)(1). Without citation to any legal authority Plaintiff requests that the Court not permit Defendant to remove this case and requests that the Court permit the case to remain with County Court of the Third Judicial Circuit in Lafayette County.

Pursuant to 28 U.S.C. §1442(a)(1) "[T]he United States or any agency thereof or

any officer ... of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office ... " may remove a civil action to the district court of the United States for the district and division embracing the place wherein it is pending. Under the federal officer removal statute suits against federal officers may be removed despite the nonfederal cast of the complaint. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* 341 F. Supp. 2d 351, 358 (S.D. N.Y. 20024)(*citing Jefferson County v. Acker,* 527 U.S. 423 (1999)). The Supreme Court has held that federal officer removal is an "incident of federal supremacy,", the underlying purpose of which is provide "federal officers ... [with] the protection of a federal forum" in which to raise "defenses arising from their official duties." *Willingham v. Morgan,* 395 U.S. 402, 405, 407 (1969). "[T]he form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs." *Nationwide Investors v. Miller,* 793 F. 2d 1044, 1047 (9th Cir. 1986). Consequently, "the right of removal is absolute for conduct performed under color of federal office" where the federal officer raises a "colorable defense" arising out of her official duties. *Swett v Schenk,* 792 F. 2d 1447, 1450 (9th Cir. 1986).

     Plaintiff alleges that the United States Postal Service lost a ring that was mailed through insured mail delivery service. Accordingly, because the claim in this case is against a federal officer sued in her official capacity for conduct performed by employees of the United States Postal Service under color of their federal duties, the Defendant has an absolute right to remove this case to federal court even though the claim involves a claim filed in the state small claims court. Because removal was proper and Plaintiff has no legal basis supporting his request to remand the case, the motion to

*Case No: 1:15-cv-80-MW-GRJ*

remand is due to be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand, Doc. 7, should be **DENIED**.[1]

**IN CHAMBERS** in Gainesville, Florida, on the 29th day of May 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

---

[1] Plaintiff is advised that even though the case has been removed to federal court, Plaintiff must still perfect service on the Defendant, if he has not already done so. Rule 4(i)(2) of the Federal Rules of Civil Procedure provides the method for serving an agency of the United States or an employee sued in her official capacity. Essentially, process must be served on the Attorney General of the United States, the United States Attorney for the Northern District of Florida and on the agency. Failure to complete service of process within 120 days after the complaint is filed requires the Court to dismiss the action without prejudice.

*Case No: 1:15-cv-80-MW-GRJ*